UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: Nappa Realty, LLC                                    BK No. 10-11413

Debtor (s)                                     Chapter 11

# ORDER CONFIRMING CHAPTER 11 PLAN

The debtor's Plan under Chapter 11 of Title 11, United States Code, as filed on August 12, 2010, having been transmitted to its creditors, and as modified in open court and said modifications having been approved (the "Plan"), and it having been determined after notice and a hearing that:

1. The Plan, a copy of which is attached, has been accepted in writing by the creditors and equity security holders whose acceptance is required by law;

2. The Plan complies with the provisions of Title 11, United States Code;

3. The proponent of the Plan has complied with the provisions of Title 11, United States Code;

4. The Plan has been proposed in good faith and not by any means forbidden by law;

5. Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with the case, or in connection with the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

6. The identity and affiliations of the persons who are to be directors or officers, or voting trustees, if any, of the reorganized debtor, after confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is consistent with the interests of the creditors and equity security holders and with public policy;

7. The identities of any insiders that will be employed or retained by the reorganized debtor and the nature of their compensation have been fully disclosed;

8. That each impaired class of claims or interests, if any, has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest, property of a value, as of the effective date of the Plan, that is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under 11 U.S.C. Chapter 7 on such date;

9. That with respect to each allowed secured claim provided for by the Plan, the holder of such claim has accepted the Plan; the Plan provides that the holder of such claim retain the lien securing such claim; the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim; or the debtor surrenders the property securing such claim to such holder;

10. Any claim under 11 U.S.C. 507(a)(8) will receive on account of such claim deferred cash payments, over a period not exceeding six (6) years after the date of assessment of such claim, of a value, as of the effective date of the Plan, equal to the allowed amount of such claim;

11. Any class of claims that is impaired under the Plan, at least one class of claims that is impaired under the Plan, determined without including any acceptances of the Plan by any insider, has accepted the Plan;

12. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation, or reorganization is proposed in the Plan;

13. The debtor will be able to make all payments under the Plan and comply with the Plan;

14. All administrative and fee claims arising in the case, other than bills paid in the ordinary course of business, either will be paid in full on the Effective Date or are the subject of deferral agreements made with the claimants involved;

15. Any fees, charges, or amounts required under U.S.C. 1930 by the Plan that have not been paid during the course of this proceedings ~~or~~ will be paid on the Effective Date, and any fees that come due after the Effective Date will be paid on a quarterly basis when due until this case is closed;

16. With respect to each class, pursuant to 11 U.S.C. 1126, such class has accepted the Plan;

17. The Plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 of this title, at the level established pursuant to subsection (e) (1) (B) or (g) of section1114 of this title, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits.

NOW THEREFORE,

It is ORDERED that:

a. The debtors Plan be and hereby is confirmed.

b. All dividends shall be disbursed in accordance with the claims deemed allowed pursuant to 11 U.S.C. 1111, and any deviation therefrom shall be made only after application and approval of this Court.

c. Pursuant to 11 U.S.C. 1106 (a) (7) and Fed. R. Bank. P. 3022, within six months of the entry of the Order of Confirmation, or, if sooner, upon the substantial consummation of the Plan of Reorganization and full administration of the estate, the Debtor is required to file with the Clerk of Court, and to serve upon all interested parties, a Final Report and Request for Final Decree. The Final Report must: (1) identify all payments to creditors, interest holders, expenses of administration and issuance of stock under the plan; (2) state that the plan has been fully or substantially consummated and the estate is fully administered; and (3) request entry of a final decree. If after the expiration of six months the Debtor does not believe it has substantially consummated the Plan, a Status Report must be filed to inform the Court and interested parties of: (1) the progress and status of the Plan to date; (2) why the filing of the final report and request for final decree cannot be made at this time; and (3) the date that the final report and request for final decree will

be filed. Failure to file either the Final Report and Request for Final decree or the Status Report within the prescribed six month period will automatically result in the issuance of an Order to Show Cause and possible imposition of sanctions.

ORDER:                                                    ENTER:


Deputy Clerk                                              Arthur N. Votolato US Bankruptcy Judge
Date: