UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

FILED NOV 23 '11 15:08 USBCRI

In re:

NAPPA REALTY, LLC

B.K. 10-11413
Chapter 11

Debtor

### DEBTOR'S OBJECTION TO SECOND AND FINAL FEE APPLICATION OF SINAPI, FORMISANO & COMPANY, LTD., PETER FURNESS, ESQUIRE, BANKRUPTCY COUNSEL TO NAPPA REALTY, LLC,

Now Comes the Debtor, Nappa Realty, LLC, and does object to the Fee Application of Sinapi, Formisano & Company, LTD., Peter Furness, Esq. as all or a portion of the fees covered in the instant Fee Application were not necessary and/or reasonable.

Respectfully Submitted,

_____
Nappa Realty, LLC
Steven Nappa, President

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within Objection to Fee Application of Sinapi, Formisano & Company, LTD., was mailed, postage prepaid or vis electronic mail, to the following, this 23rd day of November, 2011.

Gary Donahue      ustpregion01.pr.ecf@usdoj.gov

Rockland Trust
c/o Ray Pelote, Esq.
Wynn & Wynn, PC
90 New State Highway
Raynham, MA  02676


Peter J. Furness
Sinapi Formisano & Co., Inc.
100 Midway Place, Ste 1
Cranston, RI 02920


Providence Economic Development
c/o Joshua Teverow, Esq.
55 Pine Street, Suite 2
Providence, RI   02903

Providence Economic Development
Department of Planing and Development
400 Westminster Street
Providence, RI   02903

City of Providence
Tax Assessor's Office
25 Dorrance Street, Unit 1
Providence, RI   02903

Narragansett Bay Commission
One Service Road
Providence, RI  02905

Steven Nappa
469 Washington Street
Providence, RI   02903

National Grid-Gas
P.O. Box 1048
Woburn, MA  01807

Providence Water
P.O. 1456
Providence, RI



NAPPA REALTY, LLC

469 Washington Street
Providence
Rhode Island 02903

November 23, 2011

Dear Mr. Furness,

Pursuant to the Sinapi, Formisano & Company, LTD, Fee Agreement, paragraph 12, entitled <u>Arbitration of Fee Dispute</u>, Nappa Realty, LLC (hereinafter "NR") and Nappa Construction Management (hereinafter "NCM") do hereby give you notice of/ demand for Arbitration with regard to your legal fees. A copy of the Fee Agreement is attached hereto as Exhbits A and is incorporated herein by reference.

Additionally, please discharge the mortgage security you obtained through a third party encumbering my personal residence located at 21 Barnes Street, Providence, RI.

Also, please credit the $3,000.00 (initial) payment tendered on or about 7 October 2010, which your office has failed to reflect in the fees paid by NR to-date.

Your billed fees, to-date, total in excess of $60,000.00 on a loan obligation that was settled by Vermont attorney Theodore A Parisi, Jr., Esq. in the amount of $307,126.25, the full face amount of the indebtedness; the final release/discharge documents executed on August 24, 2011.

Respectfully, significant portion of these fees are, in my opinion, unreasonable and/or unnecessary; nearly twenty (20%) percent of the total final loan indebtedness to Rockland Trust. A copy of the General Release and the Discharge Separate from Instrument, each dated August 24, 2011, are attached hereto as Exhibits B and C, respectively.

I am available to discuss this matter short of arbitration if you would like to meet to resolve this fees issue.

Nappa Realty, LLC

Nappa Construction Management

_____

Steven Nappa, President

## SINAPI, FORMISANO & COMPANY, LTD.
## FEE AGREEMENT

I, \_\_\_\_\_**Nappa Realty, LLC**\_\_\_\_\_("Client"), hereby agree to retain Peter J. Furness and the law firm of **SINAPI, FORMISANO & COMPANY, LTD., 100 Midway Place, Suite 1, Cranston, Rhode Island 02920-5707** ("Firm") according to the terms and conditions set forth below \_\_\_\_\_**Corporate/Commercial**_____.

1. **Fee for Legal Services**. The Client has retained the Firm to provide legal services regarding the above-cited matter at the following rates: **$340.00 per hour for Peter J. Furness, Esq.; $250.00 per hour for a Principal Attorney; $185.00 per hour for an Associate Attorney; and $95.00 per hour for services of a Paralegal.** Upon payment of a retainer in the amount of **$1,250.00**, the Firm agrees to commence to provide legal services on Client's behalf. The retainer shall be applied against legal services performed for the Client, and for costs and expenses incurred, as described below. After exhaustion of the retainer, the Client will be requested to reestablish the retainer. Any unused portion of the retainer after our services are concluded shall be returned to the Client.

2. **Services Charged**. The services performed which will be billed by the hour include, but are not limited to: general insolvency advice, negotiations with creditors, consultation with Client's professionals, review of financing and other documents and contracts, telephone calls and conferences, depositions, review of file materials and documents sent or received, preparation for trials, drafting of pleadings, instruments, correspondence, memoranda to the file, and other documents, negotiations, factual investigations and analysis, legal research and analysis, document preparation and revision, travel away from the office on the Client's matter, and consultations with attorneys, associates and experts.

3. **Expenses and Costs**. In addition to the legal fees described above, the Client shall be responsible for all costs and expenses incurred in connection with the matter including but not limited to: filing fees, postage, fees for services of process, photocopying and facsimile costs, cost of obtaining records, telephone charges, attendance and witness fees, experts and investigators, travel costs, messenger fees, computerized legal research, computer assisted research and other costs incurred for the Client and expenses relating to the discovery process, such as deposition costs. Client is responsible for payment of these costs as incurred. At the Firm's option, the Firm may advance such costs on Client's behalf and then bill Client, or require Client to pay them directly or in advance.

4. **Billing and Payment**. The Client will be billed monthly or at the Firm's option, at the conclusion of the matter for the above-described legal services and costs. All bills are due and payable within thirty (30) days of receipt. If at any time Client fails to pay the balance due within said thirty (30) day period, the Firm shall have the option of either charging interest against Client's account at the rate of one and one-half (1.5%) percent per month, until paid, or withdrawing from representation and filing suit forthwith to collect the same.

Client initials _S nn_

5. **Termination of Representation**. The Firm may withdraw from representation if: a) Client fails to pay fees and/or costs incurred when billed or as requested; b) the Client misrepresents or fails to disclose any material facts; or c) anything else occurs that in the Firm's judgment, impairs an effective attorney/client relationship. Client shall have the right to terminate the Firm's services at any time, subject to an attorney's lien as provided herein.

6. **Costs of Collection**. In the event it becomes necessary to take legal action to collect any fees due and owing in excess of thirty (30) days, Client agrees to pay all interest, costs and attorney's fees incurred in connection with the collection of outstanding balance. In the event it is necessary to file suit, it is expressly agreed that an amount equal to one-third (1/3) of the gross amount due and owing, or $150.00 per hour for all legal services expended in collection, is a reasonable attorney's fee.

7. **Payment of Fee by Opposing Party**. In some cases, the Court may award counsel fees to one party and order the other party to pay the amount awarded. The award and amount of any fee is within the discretion of the Court and cannot be relied upon with certainty. In other cases, if there is a settlement agreed by both parties, thereby avoiding a contested trial, the settlement agreement may provide that one of the parties will contribute to the other party's legal expenses. It is impossible to predict whether either of the above situations will materialize. Therefore, no representation is made that any contribution by the other party will be obtained towards the Client's legal expenses. In the event, however, that any such contribution is obtained, it will be credited against the Firm's final bill to the Client, unless otherwise agreed upon.

8. **Communications**. The Firm will forward to the Client copies of pertinent correspondence, pleadings, and other material whenever practicable. Client is encouraged to contact the Firm whenever a question arises as to the status of the matter. Client is required to contact the Firm whenever any new facts or considerations come to the attention of the Client which may impact the Client's case and/or the Firm's representation of the Client.

9. **Employment of Experts and Associate Counsel**. The Firm may, in its discretion, employ such experts and investigators which the Firm deems necessary to properly represent the Client. All such experts shall report exclusively to the Firm and be paid for by Client. The Firm may also, in its discretion, employ associate counsel to assist in prosecuting Client's claim.

10. **Client Funds Held in Trust.** Any funds of the Client which are nominal in amount or to be held for a short period of time shall be deposited in an interest bearing trust account in accordance with Rhode Island Supreme Court Rule of Professional Conduct 1.15. Any interest or dividends payable on such deposits, net of any service charges or fees, shall be paid quarterly to the Rhode Island Bar Foundation ("Foundation"). Interest paid to the Foundation shall be used for any of the following purposes: providing legal services to the poor of Rhode Island; improving the delivery of legal services; promoting knowledge and awareness of the law; improving the administration of justice; and for the reasonable costs of administration of interest earned on Client trust accounts under the foregoing rule.

Client initials _S\_\_\_\__

11. **No Warranties**. IT IS EXPRESSLY AGREED AND ACKNOWLEDGED THAT THE FIRM MAKES NO REPRESENTATIONS AS TO THE POTENTIAL OUTCOME OF THIS MATTER, NOR IS ANY REPRESENTATION MADE AS TO THE LIKELIHOOD OF CLIENT'S SUCCESS IN THIS MATTER. It is the Client's interests at stake, and the Client who must bear the risk of loss; therefore, it is the Client's assessment of costs, risks, amount at stake, and the likelihood of success which must direct whether legal representation is retained or continued in this matter. The Firm can only provide limited guidance in this regard.

12. **Arbitration of Fee Dispute**. Any dispute regarding the necessity and/or reasonableness of any fees and/or costs billed by the Firm pursuant to this Agreement shall be submitted for resolution to the fee arbitration procedure established by the Rhode Island Bar Association; provided however, consent of this Firm shall be required where the Client fails to raise a good faith dispute to payment prior to initiation of collection proceedings against the Client. The result of any such arbitration shall be binding on both the Client and the Firm.

13. **Severability**. If any provision of this Agreement is declared invalid or unenforceable by any Court of competent jurisdiction, the remaining provisions of this Agreement shall remain in full force and effect, and shall not be affected thereby except as necessary to adjust for any invalidated provision.

14. **Entire Agreement**. The foregoing, along with any addenda attached hereto, represents the entire Agreement between the parties. This Agreement supersedes any prior representations of or agreements between the parties. No change or modification of this Agreement shall be enforceable against any parties unless such change or modification is in writing and signed by the parties.

**IN WITNESS WHEREOF,** the undersigned has executed this Agreement on the _____ day of _____, 20____.

_____
Nappa Realty, LLC
Steven Nappa, Principal

_____
Nappa Construction Management


_____
SINAPI, FORMISANO & COMPANY, LTD


Client initials _____

## GENERAL RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN:

GREETING: Know ye, that **ROCKLAND TRUST COMPANY, successor by merger with Slade's Ferry Trust Company**, for and in consideration the sum of One Dollar and other good and valuable considerations to it in hand paid by **STEVEN M. NAPPA**, the receipt whereof is hereby acknowledged, have remised, released and forever discharged, and by these presents do for itself and its successors, and assigns, remise, release and forever discharge **STEVEN M. NAPPA and NAPPA REALTY, LLC**, their heirs, administrators, successors and assigns, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or in equity, which against the said **STEVEN M. NAPPA and NAPPA REALTY, LLC**, it ever had, now has or which its successors and assigns, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents. More specifically but without limiting the generality of the foregoing, meaning and intending to release any and all claims which **ROCKLAND TRUST COMPANY** may have against **STEVEN M. NAPPA**, his heirs and assigns or **NAPPA REALTY, LLC**, its successors and assigns. Said claim arises out of a certain Judgment Order sought to be enforced in the matter of ROCKLAND TRUST COMPANY, successor by merger with Slade's Ferry Trust Company, Plaintiff, versus STEVEN NAPPA, Defendant, Vermont Superior Court, Windsor Unit, Docket No. 653-10-10 Wrcv. The suit specifically enforces a foreign judgment of the Rhode Island Superior Court in the matter entitled ROCKLAND TRUST COMPANY, successor by merger with Slade's Ferry Trust Company, Plaintiff, vs. NAPPA REALTY, LLC AND STEVEN M. NAPPA, Defendants, and SOVEREIGN BANK, Trustee Defendant, State of Rhode Island, Providence, SC, Superior Court, Docket No. C.A. No. PC10-1623, dated August 3, 2010.

IN WITNESS WHEREOF, it has hereunto set its hand and seal this 24 day of August, 2011.

IN PRESENCE OF:

_____
Witness

ROCKLAND TRUST COMPANY

By: _____
Its Duly Authorized Agent

STATE OF MASSACHUSETTS
COUNTY OF PLYMOUTH, SS:

At Brockton, Massachusetts, this 24 day of August, 2011, before me personally appeared Sean McKenna, and he/she acknowledged this instrument by him/her sealed and subscribed to be his/her free act and deed and the free act and deed of Rockland Trust Company.

_____
Notary Public
My Commission Expires: July 28, 2017

ELIZABETH M. GIRARD
Notary Public
Commonwealth of Massachusetts
My Commission Expires July 28, 2017

EXHIBIT B

VOL: 128 PG: 265
INST: 00002016

STATE OF VERMONT

SUPERIOR COURT                             CIVIL DIVISION
WINDSOR UNIT                                 DOCKET NO. 653-10-10 Wrcv

ROCKLAND TRUST COMPANY, successor
by merger with Slade's Ferry Trust Company
        Plaintiff,

v.

STEVEN NAPPA,
        Defendant.

TOWN CLERK'S OFFICE, CHESTER, VT
RECEIVED Sep 07,2011 01:00P
RECORDED IN VOL: 128 PG: 265
DEBORAH J. ALDRICH
TOWN CLERK

## DISCHARGE SEPARATE FROM INSTRUMENT

I HEREBY CERTIFY that the following described Writ of Attachment and Judgment Order, being paid in full and satisfied, are hereby discharged, viz:

1. Writ of Attachment in the matter of ROCKLAND TRUST COMPANY, successor by merger with Slade's Ferry Trust Company v. STEVEN NAPPA, Vermont Superior Court, Windsor Division, Court Docket No. 653-10-10 Wrcv, in the amount of $307,126.2, dated December 6, 2010 and recorded in the Chester Land Records at Volume 122, Page 189.

2. Judgment Order in the matter of ROCKLAND TRUST COMPANY, successor by merger with Slade's Ferry Trust Company v. STEVEN NAPPA, Vermont Superior Court, Windsor Division, Court Docket No. 653-10-10 Wrcv, in the amount of $307,126.25 plus costs and fees in the amount of $4,955.75 dated June 1, 2011 and recorded on July 13, 2011 in the Chester Land Records at Volume 127, Page 210.

WITNESS my hand and seal at Brockton, Massachusetts, this 24 day of August, 2011.

_____
Sean McKenna, Assistant Vice President
Rockland Trust Company

STATE OF MASSACHUSETTS
COUNTY OF PLYMOUTH, SS

At Brockton, Massachusetts, on this 24 day of August, 2011 before me personally appeared Sean McKenna, Assistant Vice President, Rockland Trust Company to me known to be the person described herein and who executed the foregoing instrument and he acknowledged this instrument, by him sealed and subscribed, to be his free act and deed and the free act and deed of Rockland Trust Company.

_____
Notary Public
Commission Expires July 28, 2017

ELIZABETH M. GIRARD
Notary Public
Commonwealth of Massachusetts
My Commission Expires July 28, 2017

DAKIN & BENELLI P.C.
ATTORNEYS AT LAW
P.O. BOX 499
CHESTER, VERMONT
05143-0499

802 875-4000

1